IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED

10:55 am, 4/4/24

U.S. Magistrate Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No.  L:23-PO-00585-SAH |
| SKYVER C MAGEE, | |
| Defendant. | |

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

**MOTION**

Before the Court is a Motion for a Sentence Reduction filed *pro se* by the Defendant, Skyver Magee. ECF No. 19. The Motion requests the Court to reduce the sentence currently imposed based on a change in life circumstances (i.e. familial hardship, job relocation, and sobriety). *Id.* at 1-2. The United States filed its Response in opposition of the sentence reduction arguing the life circumstances in Defendant's Motion are the same arguments made at the time of sentencing. ECF No. 21 at 1. Furthermore, complying with terms of probation, when compliance is expected, is not a reason to reduce an already imposed sentence and does not constitute good cause to adjust a term of imprisonment. *Id*.

Based on the Court's findings below, the Motion is hereby DENIED.

**I.  Background**

On August 27, 2023, the Defendant was arrested and charged with six violation notices: Count 1—Operating a vehicle while under the influence of alcohol to a degree that renders the operator incapable of safe operation (ECF No. 1); Count 2—Operating a vehicle while the operator's blood or breath alcohol concentration is .08 grams or more per

100 mL of blood or per 210 L of breath (ECF No. 3); Count 3—Failure to comply with a traffic control device (i.e. fog line) (ECF No. 4); Count 4—Operating a vehicle while driving privilege is revoked (ECF No. 5); Count 5—Operating a vehicle without required ignition interlock device (ECF No. 6); and Count 6—Failure to use a seatbelt while vehicle is in motion (ECF No. 7). All offenses are Class B misdemeanors and petty offenses.

At the Defendant's initial appearance before this Court, the Defendant waived his right to counsel, was arraigned on the charges, and agreed to a plea deal with the United States. ECF No. 8. The Defendant entered guilty pleas to Counts 2, 3, 4, and 5; and Counts 1 and 6 were dismissed. *Id*. The Defendant was sentenced to fines and a term of imprisonment. He was then released on conditions and given a report by date of January 8, 2024. ECF No. 9. The Defendant did not object to his sentence at the time it was pronounced, nor did he appeal the sentence of the Court. *See* 18 U.S.C § 3742; and Fed. R. Crim. P. 35(a).

Subsequently, the Defendant reported for his term of imprisonment and is in custody in Jackson Hole. His 90-day sentence is scheduled to terminate on or about April 8, 2024.

## II. Discussion

Since the Defendant is representing himself in this case, he is considered a *pro se* litigant, meaning he is without assistance of legal counsel. Therefore, the Court "must construe the Defendant's *pro se* pleadings liberally and hold him to a less stringent standard than that of an attorney." *United States v. Green*, 886 F.3d 1300, 1307 (10th Cir. 2018). The Court interprets the Motion as a request for a reduction in Defendant's sentence. Pursuant to 18 U.S.C. § 3582(b), a sentence of imprisonment is considered a final judgment with limited avenues for correction.

Yet, prior to reaching a decision on the merits of a party's request, a court must satisfy itself that it has authority to act upon the party's request, even if not questioned by either side. *U.S. v. Green,* 405 F.3d 1180, 1184 (10th Cir. 2005). Federal courts have only the powers authorized by statute or the Constitution. *Id*. (*citing Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986)).

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, a court is allowed to reduce the original sentence only when it needs to "correct a sentence that resulted from arithmetical, technical or other clear error" within 14 days after a sentence is pronounced. Fed. R. Crim. P. 35(a); *see also U.S. v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). It also allows for a sentence reduction within one year upon the government's motion demonstrating substantial assistance on the part of a defendant. Fed. R. Crim. P. 35(b). Under 18 U.S.C. § 3582, the court is not allowed to modify a term of imprisonment once it has been imposed unless "expressly permitted by statute or Rule 35." 18 U.S.C. § 3582(c)(1)(B). Furthermore, 18 U.S.C. § 3742 proscribes when it is appropriate to review a sentence: an appeal by the defendant, or an appeal by the government. 18 U.S.C. § 3742(a) and (b).

The circumstances presented by the Defendant in this case do not meet any of these provisions and the Defendant has not provided any authority, statutory or otherwise, that gives this Court the power to do what he requests, and this Court has been unable to find any such authority. Rather, a court may only modify a sentence when Congress has "expressly granted the court jurisdiction to do so." *U.S. v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Courts have repeatedly followed this principle of not allowing modification of sentencing once it's been imposed. *See U.S. v. Johnson,* 766 Fed.Appx. 648, 649-50 (10th Cir. 2019)(Congress must have expressly granted jurisdiction for a court to modify a

3

sentence); *U.S. v. McGaughy,* 670 F.3d at 1158 (Rule 35 is a "mandatory restriction on a court's authority" to modify a sentence); *U.S. v. Coon,* 2023 WL 3391496 at 2 (D. Utah 2023)(courts do not have the authority to modify sentences on the grounds of illegality); *U.S. v. Castro-Verdugo*, 750 F.3d 1065, 1069 (9th Cir. 2014)(even though an underlying sentence may not be valid, revocation proceedings may not be used to "investigate the validity of the original sentence")(citations omitted); *U.S. v. Turner*, 88 Fed.Appx. 307 (10th Cir. 2004)(unpublished). The Advisory Committee Notes to Rule 35(a)[1] state that "[t]he authority to correct a sentence under this subdivision is intended to be very narrow." Fed. R. Crim. P. 35 (Advisory Committee Notes).

In *U.S. v. Sanchez*, the court found that Congress has provided specific avenues for defendants to challenge an underlying sentence: direct appeal or a motion under 18 U.S.C. § 2255. *U.S. v. Sanchez,* 891 F.3d 535, 538 (4th Cir. 2018). Unless properly challenged, a sentence is final and valid. Courts have great interest in the finality of judgments. *United States v. Oliver*, 878 F.3d 120, 124-25 (4th Cir. 2017) (late-filed criminal appeals shall not be reviewed when the criminal justice system has a clear procedural process for defendants to challenge a judgment.).

The history of Rule 35 supports a court's limited authority to review a sentence and judgment. *See U.S. v. Smith*, 929 F.2d 1453, 1462 (10th Cir. 1991)(dissenting opinion cites to *U.S. v. Howard*, 902 F.2d 894, 897 (11th Cir. 1990), *U.S. v. Jordan*, 915 F.2d 622, 627 (11th Cir. 1990)(referencing the change in Rule 35 and the new restrictions on a district court's power to resentence or correct an illegal sentence); *see also* Fed. R. Crim. P 35 (Notes of Advisory Committee on 1991 amendments; 1984 Amendments to Rule 35)*;* and

---

[1] Formerly F.R.Cr.P. 35(c).

*Sentencing Reform Act of 1984*. Congress specifically took this authority from the courts with its amendment to the current version.

### III.  Conclusion

For the foregoing reasons, the Court finds that it does not have the authority to consider the Defendant's request to reduce his sentence. The statutes and rules contained herein provide this Court with no such power. As such, since the Court does not have the authority to address the Defendant's request the motion is denied.

For the foregoing reasons, the Court denies the Defendant's Motion to Reduce Sentence without prejudice.

DATED this 4th day of April 2024.

_____*Stephanie Hambrick*_____
STEPHANIE A. HAMBRICK
U.S. Magistrate Judge